**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff,*

Case No.: 19-cr-20176
Hon.: LINDA V. PARKER

*vs.*

D-2 MOHAMAD ALI MAKKI,

*Defendant.*

---

AYAD LAW, PLLC
Nabih H. Ayad (P59518)
*Attorney for Defendant*
645 Griswold St., Ste 2202
Detroit, MI 48226
P: 313.983.4600
F: 313.983.4665
nayad@ayadlaw.com

Mazen A. Ghaith
*Attorney for Defendant*
21917 Garrison
Dearborn, MI 48124
P: (313) 333-8383
mazenghaith@gmail.com

COLLINS & COLLINS, PC
Jeffrey G. Collins
*Attorney for Defendant*
1323 Broadway, Suite 800
Detroit, MI 48226
P: (313) 963-2303
jcollins@collinslegal.net

US DEPARTMENT OF JUSTICE
John C. Engstrom
Philip A. Ross
Shankar Ramamurthy
*Attorneys for Plaintiff*
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
P: (313) 226-9100
John.engstrom@usdoj.gov
Philip.ross@uskoj.gov
Shankar.ramamurthy@usdoj.gov

---

**DEFENDANT D-2 MOHAMAD**
**ALI MAKKI'S ADDITIONAL PROFFER**
**<u>TO THE COURT REGARDING THE COURT'S NEBBIA INQUIRY</u>**

NOW COMES Defendant D-2, Mohamad Ali Makki ("Defendant" or "Makki") and states the following in support of his Motion for Bond:

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## FIRST PRELIMINARY STATEMENT

This proffer is in addition to, and relies on, the previous filings submitted to the Court regarding the issue of Defendant's bond, including the previous proffer and previous affidavit of Mr. Wahid Makki.

## SECOND PRELIMINARY STATEMENT

Defendant apologizes to this Court for the delayed submission of this proffer and the related documents and assures the Court that they expended every effort to make this submission possible much earlier. Defendant hopes this Court can understand that, between collecting documents from five non-attorneys, often by proxy through the other attorneys in this matter; dealing with family members who had trouble understanding what was being asked of them and the urgency with which it was needed; dealing with an incarcerated Defendant through emails who, in turn, had to communicate with his family; and waiting on Mr. Makki's uncle, who is a very busy person, it was logistically very difficult to collect the needed documents. This counsel received them piecemeal and the last thing Defendant wanted to do is confuse the issues by making multiple, piecemeal, submissions to the Court.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## ARGUMENT

### I. Nebbia inquiries are the Court's inquiry, and not necessarily a hearing, for the Court to satisfy itself that the bond offered will reasonably ensure the Defendant's appearance at future court dates, but not to alleviate the Government of its every last concern.

"Nebbia, while authorizing a hearing if the trial court determines one is appropriate, does not support the government's contention that it was entitled to such a hearing." *United States v O'Brien*, 895 F2d 810, 817 (CA 1, 1990). Similarly, "[S]ection 3142(g)(4) does not say anything about a hearing. Rather, that section mandates, upon the request of the government, an **inquiry** into the source of the contested property. **An inquiry need not be addressed in a formal hearing**."[1] *United States v Zigmond*, No. 15-CR-20283, 2015 WL 4757196, at *2 (ED Mich, August 11, 2015). "**The relevant inquiry for the court is whether the collateral property and other conditions of bond will reasonably insure defendant's appearances at future court proceedings**." *Id*. at *2 (ED Mich, August 11, 2015) (**Denying the government's motion for a Nebbia hearing**).

Here, the bond being offered absolutely will ensure Defendant's appearance in court, because it is being put up by his very close family member and uncle, Mr. Wahid Makki.

---

[1] 3142(g)(4) is the codification in the Bail Reform Act of 1984 of the *Nebbia* court's holding. See *United States v Zigmond*, No. 15-CR-20283, 2015 WL 4757196, at *2 (ED Mich, August 11, 2015).

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**II. The decisive factor for the purposes of this Nebbia inquiry is that the property being offered up for bond was demonstrably purchased with proceeds from a large personal injury settlement and attached documents prove this.**

The entire point of a Nebbia inquiry is to assure that the money or property posted for bond did not come from the illicit activities alleged, and here, there is no possibility that they did. According to the United States government, in the plea agreement which it signed, Makki's bad acts did not start until 2013, three years after his uncle, Wahid Makki, used a $755,410.45 settlement to purchase the bond that is being offered now.

**a. Defendant is presenting this Court with documents showing the full paper trail as to the purchase of the property which will be the source of the bond, fully satisfying this Court's December 18, 2019 order.**

As is stated in Mr. Wahid Makki's first and second affidavit (attached at **Exhibit A, Second Affidavit of Wahid Makki**), he purchased the property which he is offering to use as the source of the bond he is willing to put up for his nephew, Defendant.

Wahid Makki is a family man and business man with his wife, three sons, and daughter all living here in the United States. He has no criminal record.

He is also the owner of the building at 921 Howard Street, Dearborn, MI 48124. See **Exhibit A, Second Affidavit of Wahid Makki at its sub-Exhibit A, 7/8/10 Buyer's Closing Statement for 921 Howard Street (Ex. A-A)**.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

The closing documents show that prior to purchasing the property at 921 Howard Street, Wahid Makki put $25,000 down on the property. He then purchased that building with money he received from a large cash settlement of $755,410.45 in a personally injury case in which he was severely injured. (See *Makki v OSI Sealants, Inc*, unpublished opinion of the Court of Appeals, issued December, 2, 2009 (Docket No. 06 14329), 2009 WL 4644688; submitted to the Court with Defendant's last proffer.)

Mr. Wahid Makki has even been able to find and provide a copy of one of the checks from the settlement which he received from that law suit, paid out by the law firm which handled the case for him. It is attached to his affidavit as **Exhibit B, Settlement Check Stub (Ex. A-B)**.

That settlement check is dated July 9, 2010. Mr. Wahid Makki has also been able to find and provide a copy of a cashier's check stub from his bank, in the exact same amount of the settlement check, cut on the same day as that settlement check, July 9, 2010. That is because, as Mr. Wahid Makki attests to in his affidavit, the same day he received the settlement check for $374,961.94, he went to his bank, a Comerica Bank on Orchard Lake Road in West Bloomfield, and cut a cashier's check for $374,961.94 to himself from the Comerica Bank account which he had just deposited the $374,961.94 settlement check in. See **Exhibit A at sub-Exhibit**

**C, Cashier's Check Stub with Same File Number as Buyer's Statement for 921 Howard Street (Ex. A-C)**.[2]

As the closing documents Mr. Wahid Makki provided with his Affidavit clearly show, he then immediately took that cashier's check for $374,961.94 to the closing for the property at 921 Howard Street, and purchased the property which will be used as collateral for the bond which his nephew, Defendant Makki, requests.

Although Mr. Wahid Makki's bank stated that they do not keep records for more than seven years (See **Exhibit A at sub-Exhibit D, Federal Rules and Regulations Re Record Retention Requirements (Ex. A-D)**), the check stub states that it is for "921 Howard" and has the same file number as the file number of the Buyer's Closing Statement attached at Exhibit A, 524168.

There can now be no disputing that the real estate at 921 Howard Street, Dearborn, MI 48124, was purchased by Mr. Wahid Makki with proceeds from his case, *Makki v OSI Sealants, Inc*, unpublished opinion of the Court of Appeals, issued December, 2, 2009 (Docket No. 06 14329), 2009 WL 4644688. These proofs alone satisfy the Nebbia requirements for Defendant's bond, but this proffer will continue and show that no other concerns raised by the government are legitimate.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

---

[2] It is exceedingly common in real estate closings for purchasers to cut cashier's checks to themselves, and then sign the check over to the seller at the actual closing. That is what Mr. Wahid Makki did on July 9, 2010 at the purchasing of the 921 Howard Street property.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**III. Contrary to the Government's statements, there was not a $600,000 deposit into Makki's mother's bank account, but a $450,000 transfer which is entirely accounted for, by records attached to this proffer.**

Although it has nothing to do with the Nebbia inquiry (as it is not being used as the source of any bond), Defendant will now completely address the AUSA's concerns regarding the $450,000 (not $600,000). Defendant is submitting documents that show the entire disposition of the $450,000 **which was transferred into his mother's bank account, with the actual permission the former Assistant United States Attorney on this case, Mr. John C. Engstrom**.

The documents being submitted with this proffer prove two things: **1) that the money in question had not and cannot be used as incentive for anyone to post bond in this matter (all that is pertinent to this Nebbia inquiry)** and 2) that all moneys spent have been spent on legitimate expenses. Contrary to the government's inflated imaginary amount of $600,000, the sum was actually $450k, just as Defendant's counsel, Mr. Collins said when the issue was raised by the government. It was explained in chambers why it went into Defendant's mother's account. Defendant, prior to being incarcerated, took care of his mother and younger brother, Mehdi Makki, whom suffers from a mental deficiency. Upon being incarcerated, Defendant Makki relied heavily on his brother Mehdi Makki, to take care of their mother. However, around June of 2019, Mehdi Makki was going through a very turbulent time emotionally, and it was decided that it would be best to transfer the money which he had access to into his mother's account, the idea

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

being that it would be safer there. Mehdi Makki could continue to pay expenses with it, but first his mother would have to approve the removal of the funds from her account. There was nothing prohibited about that decision and, in fact, if Defendant had wanted to secret away or obscure the whereabouts of that money, it would have been moved to a much more remote place than his own mother's account, and not discussed with the former Assistant United States Attorney, Mr. Engstrom.

The affidavit of Defendant's brother, Mehdi Makki, and its supporting documents attached thereto, clearly show that, of the $450,000, $102,204 went towards rather mundane expenses such as "MEIJER / GROCERY" and "WIRELESS / COMCAST". See **Exhibit B at sub-Exhibit B (Ex. B-B)**. As is stated in Mr. Mehdi's affidavit, another $10,000 was put down for the procurement of this counsel's services. As the bank records attached to Mr. Mehdi's affidavit corroborate, there is roughly $306,000 left in the account. See **Exhibit B at sub-Exhibit A (Ex. B-A**). $100,000 of that is earmarked for Ayad Law, PLLC as an additional retainer for services already performed and services yet to come.

This Honorable Court wanted to see where the money went, and Defendant has shown just that. There are no possible other concerns that the government could legitimately hold regarding this money, and if they do have concerns, they should have raised them Defendant's counsel inquired about disposing of the $450,000 as they now have.

**IV. It could take years before Makki receives his sentencing, all the while he will be cooperating with and attempting to assist the government while the main perpetrators of the conspiracy remain free and he suffers under the wight of the uncertainty of his release date.**

Judicial notions of fairness alone require that Defendant Makki be released on bond. Defendant reminds this Court that the main perpetrator, Defendant D-1, the owner of the business where Defendant Makki was an employee, **received personal bond**. Only once she had violated that bond by absconding did was she required to put up a monetary bond. Even then, the government still struck a deal for a $770,000 bond with her, which they then agreed to reduce by $350,000. The fact of the matter is, D-1 got personal bond despite being less trustworthy in every way and at every chance that D-2, who is going to great lengths to secure a large cash bond for his release.[3]

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

[3] Makki is not the owner, creator or manager of the two pharmacies in question. (ECF. No. 1 paragraph 13.) Lifecare Pharmacy was operating for approximately three years prior to Makki's employment. Makki did not manage the finances of Lifecare Pharmacy or Lifecare of Michigan. In fact, Makki did not even have signatory authority on the pharmacies bank accounts. Unlike Makki, the co-defendant signed approximately 66 checks from a Lifetime Pharmacy bank account, totaling over one million dollars, to a delivery company owned by a close relative of hers. (ECF. No. 1 paragraph 29.) In a criminal complaint filed on April 5, 2019, the government alleged that millions of dollars in illegal proceeds were transferred from the bank accounts controlled by the co-defendant to her husband and brother. (Case 2:19-mj-30165-DUTY, ECF. No. 1.) Yet during her arraignment, the co-defendant was released on a tether as a condition of her bond while Makki, who is actually cooperating with the government, has been detained. Makki is being treated unfairly and disproportionately to his fellow defendants. There is absolutely no reason that electronic monitoring of Makki could not be imposed in a similar matter to effectuate his release on bond, yet it has not been and he remains behind bars.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

The first possible trial is going to be months away, in September of 2020, and that will most likely be adjourned and delayed several times. That is only for this case, but the government would put off Defendant's sentencing until after he testifies in a number of other cases, **which could take years**. It is absolutely unjust, unfair, and cruel to have Defendant Makki remain in jail, not even being able to guess at when he will be released. Every inmate knows, to the hour, how much more time they have until their release. They count it by the minute and it saves them from a great deal of despair. Defendant Makki does not have that benefit and it is wrong. He has proven his willingness to cooperate with the government and should be released. What is more concerning is the possibility that his 5k1 could be for less time than will serve, if he is not released on bond.

Finally, we urge the Court to look at Defendant's prior brief in support of bond, which explains the vastly changed country conditions in Lebanon, which has already begun a drastic destabilization. There is simply no risk that Defendant would flee there, no matter what ties are alleged by the government (and refuted by Defendant).

## CONCLUSION AND RELIEF REQUESTED

The law is clear that a Nebbia inquiry, whether initiated by the Court or the government, is the Court's inquiry and not the Assistant United States Attorney's prosecuting the case. When this Court is satisfied as to the earnestness of Defendant's proffered bond, the Nebbia inquiry is satisfied.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

Defendant is offering to put $200,000 as bond secured by the building at 921 Howard Street. For that, Defendant will need to do it through a bondsman. Defendant's counsel has checked with a number of bonds companies in the area, and each one requires payment in the amount of 10% of the bond. **So, for every $100,000 that this Court requires in bond, it will cost Defendant's uncle $10,000**.

Depending on this Court's requirements, Defendant would also be willing to put up $50,000 to $100,000 for bond from what is left over of the funds in his family's care. However, Defendant' strongly wishes at least $50,000 to remain for his mother and brother, and $100,000 is due to Ayad Law, PLLC.

If the Court wants extra assurances, Mr. Majed Mehdi, a friend of Mohamed Makki's will be willing to put up a different property as collateral to secure a bond. Majed Mehdi, along with his wife, owns a window business for many years. He has a condo which he just bought this year, which he is willing to put up. He will be present at Court on January 13, 2020 to provide more information should the Court require, however, that is all the information that this counsel has at this time. See **Exhibit C, Closing Documents provided by Mr. Majed Mehdi**.

WHEREFORE Makki respectfully requests that this honorable Court GRANT his Motion for Bond Pending Sentencing and order Makki released until further order of this Court upon payment of a bond which this Court deems just and upon any further conditions which this Court deems necessary.

Respectfully submitted,

Ayad Law, PLLC

*/s/Nabih H. Ayad*___
Nabih H. Ayad (P59518)
AYAD LAW, PLLC
645 Griswold St., Ste. 2202
Detroit, MI 48226

Dated: January 11, 2020

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2020, I filed with the Clerk of Courts the foregoing Additional Proffer in Support of Defendant Makki's Motion for Bond Pending Sentencing along with any attached exhibits via the electronic filing system, which will serve notice of the same on the following parties:

US DEPARTMENT OF JUSTICE
Philip A. Ross
Shankar Ramamurthy
*Attorneys for Plaintiff*
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
P: (313) 226-9100
John.engstrom@usdoj.gov
Philip.ross@uskoj.gov
Shankar.ramamurthy@usdoj.gov

COLLINS & COLLINS, PC
Jeffrey G. Collins
*Attorney for Defendant*
1323 Broadway, Suite 800
Detroit, MI 48226
P: (313) 963-2303
jcollins@collinslegal.net

Mazen A. Ghaith
*Attorney for Defendant*
21917 Garrison
Dearborn, MI 48124
P: (313) 333-8383
mazenghaith@gmail.com

Respectfully submitted,

Ayad Law, PLLC

*/s/Nabih H. Ayad*___
Nabih H. Ayad (P59518)
AYAD LAW, PLLC
645 Griswold St., Ste. 2202
Detroit, MI 48226

Dated: January 11, 2020