UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Civil Case No. 19-20176
                                            Honorable Linda V. Parker

D-2 MOHAMAD ALI MAKKI,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION

On September 3, 2019, Defendant pleaded guilty pursuant to a plea agreement to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. Pursuant to the plea agreement, Defendant agreed to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $2,388,810.04. (Plea Agreement at 8, ECF No. 69 at Pg ID 407.) Since that time, an issue has arisen regarding the calculation of the guideline range agreed to in the plea agreement. Specifically, Defendant contends that the amount of loss used to calculate the guideline range is incorrect. At a conference before the Court on January 13, 2020, the parties agreed to a process to address the loss calculation issue.

On January 31, 2020, the United States contacted Defendant's counsel, indicating that Defendant had to deposit with the United States Marshal's Service the $600,000 held in an account in Defendant's mother's name, which Defendant had transferred to her prior to June 15, 2019.[1] In his emergency motion, Defendant asks the Court issue a briefing schedule on the Government's claim to seize those funds and that any ruling on the forfeiture be held in abeyance until the parties settle the amount of loss issue. Defendant maintains that the loss calculation issue and the forfeiture issue are interrelated, not separate issues. This Court does not agree.

Defendant agreed in the plea agreement to a forfeiture judgment in the amount set forth above. This amount is distinct from the amount of restitution set forth in the plea agreement, and the latter total was the amount used to calculate the guideline range. (*See* Plea Agreement at 6, ECF No. 69 at Pg ID 405; *see also* Guideline Worksheet A, ECF No. 69 at Pg ID 417.) The forfeiture section of the plea agreement contains the following language:

> Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from *any* property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of *any assets as he has now, or may later acquire, as substitute assets* under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the

---

[1] Bank records submitted by Defendant in these proceedings reflect that the amount deposited in his mother's account was actually $450,000.

> forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

(Plea Agreement at 8, ECF No. 69 at Pg ID 407, emphasis added.) Pursuant to the referenced language in the plea agreement, the money Defendant admittedly transferred to his mother's account while this action was pending is subject to forfeiture regardless of whether the funds are directly or indirectly traceable to Defendant's conspiracy to commit health care and wire fraud. Defendant argues in his motion that the Court must find a nexus between the property and the offense before the Government can require the forfeiture of the property. (Def.'s Mot. ¶ 9, ECF No. 115 at Pg ID 969.) However, Defendant's agreement to forfeit monies traceable to the conspiracy *and* any substitute assets renders such a determination unnecessary. Further, Defendant agreed to the entry of orders of forfeiture "incorporating forfeiture of the assets enumerated in this section and the above-referenced money judgment . . . following [his] guilty plea . . . ." (*Id*. at 9, Pg ID 408.)

In short, the Court does not see a need for briefing on the forfeiture issue and does not see a reason to delay a ruling until the parties settle the amount of loss issue. The Government has not filed a motion to withdraw the plea agreement. Thus, the Court has no basis on which to determine whether any motion would be premature or unwarranted.

Accordingly,

**IT IS ORDERED** that Defendant's emergency motion (ECF No. 115) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 7, 2020