UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Criminal Case No. 19-20176-2
      Honorable Linda V. Parker

D-2 MOHAMAD ALI MAKKI,

      Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821 PART B (ECF No. 298)

This matter is before the Court on Mohamad Ali Makki ("Defendant")'s motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and guideline Amendment 821, Part B.  (ECF No. 298.)  Both the Government and the United States Probation Office oppose the motion.  (ECF Nos. 288, 300.)  For the reasons set forth below, Defendant's motion is denied.  Defendant was released from the Bureau of Prisons on February 14, 2024.  (ECF No. 298 at PageID. 2392.)

## Background

On September 3, 2019, Defendant pled guilty pursuant to a Rule 11 plea agreement to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.  (ECF No. 69.)  At the time of sentencing, Defendant had an offense level of 31 and a criminal history category of one (1) based on zero criminal history points.

As a result, his sentencing guideline range was 108 to 120 months imprisonment. On January 19, 2022, the Court sentenced Defendant to 77 months imprisonment followed by a term of 18 months of supervised release. (ECF No. 222.)

Defendant now moves for a reduction in his sentence, arguing that: (1) under Amendment 821, Part B of the United States Sentencing Guidelines § 4C1.1, he should receive a two-level reduction of his offense level, from level 31 to level 29, for a new guideline range of 87 to 108 months; and (2) his original sentence—77 months—was a 28.7% reduction from the bottom of his former guideline range. (ECF No. 298 at PageID. 2388.) He argues that a 28.7% reduction from the bottom of his new guideline range, 87 months, would result in a sentence of 63 months. (*Id.*)

## Analysis

The Court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (alteration added); *see also United States v. Coates*, No. 16-20414, ---F. Supp. 3d. ---, 2024 WL 2963767, at *1 (E.D. Mich. June 11, 2024) ("The Sentencing Commission's policy statement on this subject is

found at USSG § 1B1.10, and it references the statute's authorization of sentence reductions based on retroactive changes to the Sentencing Guideline Manual.").

Eligibility for a reduction under this provision is triggered only by an amendment that lowers the defendant's applicable guideline range that was made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.").

The retroactive amendment at issue is Part B of Amendment 821, which recently amended the guidelines to include a two-point reduction of the offense level for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. To be eligible, a defendant must meet, among other things, the following criteria: "the defendant did not receive an adjustment under [U.S.S.G.] § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See* § 4C1.1(a)(10).

Even though Defendant was a zero-point offender, both the probation department and the Government believe that he is not eligible for the sentence reduction because he received a three level enhancement under § 3B1.1(b) as "a manager or supervisor" in the criminal activity. (ECF No. 300 at PageID. 2398; ECF No. 288 at PageID. 2309.)

3

Defendant, in opposition, argues that a person must both: (1) have received an enhancement under § 3B1.1; *and* (2) have engaged in a continuing criminal enterprise under 21 U.S.C. § 848 to be disqualified from receiving the "zero-point offender" reduction. (ECF No. 298 at PageID. 2389 (emphases in original).) He argues that since only one of these apply, having received an enhancement under § 3B1.1(b), he is eligible for the two-point reduction of his offense level and a reduction in his sentence.

The Court starts with the plain language of the relevant provision, which reads as follows:

> *If the defendant meets all of the following criteria*:
>
> (1) the defendant did *not* receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did *not* receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did *not* use violence or credible threats of violence in connection with the offense;
> (4) the offense did *not* result in death or serious bodily injury;
> (5) the instant offense of conviction is *not* a sex offense;
> (6) the defendant did *not* personally cause substantial financial hardship;
> (7) the defendant did *not* possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is *not* covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did *not* receive an adjustment under § 3A1.1. (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did *not* receive an adjustment under § 3B1.1. (Aggravating Role) and was *not* engaged in a continuing criminal enterprise, as defined 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

§ 4C1.1(a) (emphasis added).

First, as emphasized above, eligibility is based on a defendant meeting "all of the . . . criteria." (*Id.*) Second, all the criteria are phrased in terms of what a defendant did "not" do. Therefore, the presence of any of the listed criteria precludes relief under Amendment 821. *See United States v. Mahee*, No. 1:21-cr-00494, 2023 WL 8452433, at *2 (N.D. Ga. Dec. 6, 2023) (internal quotation marks and citations omitted) (noting that Defendant's argument "would only be correct if the provision were phrased in terms of what the government would have to prove *was* true of the defendant, but the statute is phrased in terms of what the defendant must show was *not* true of him"); *see also United States v. Owusu*, No. 3:18-cr-77, 2023 WL 9328368, at *1 (N.D. Fla. Nov. 21, 2023) (alteration added) ("[A]s a matter of logic, if a zero-point offender is only eligible for a 2-level decrease when both A and B are false, then it necessarily follows that he is not eligible if either A or B is true.").

As part of Defendant's sentence, he received an Aggravating Role enhancement, therefore, he is not eligible for a sentence reduction. This is consistent with the Sixth Circuit's reading of similar language in *United States v.*

5

*Bazel*, 80 F.3d 1140 (6th Cir. 1996). There, the Court analyzed the applicable "safety valve" of the United States Sentencing Commission's guidelines. The relevant language was: "the court shall impose a sentence pursuant to the guidelines without regard to any statutory minimum sentence, if the court finds at sentencing that – (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See id.* at 1142 (internal quotation marks and citations omitted).

The *Bazel* Court found that this subsection required the district court "to make a finding **both** that the defendant was not an organizer, leader, manager, or supervisor **and** that the defendant was not engaged in a [continuing criminal enterprise] in order to open the safety valve." *Id.* (alteration added).

Similarly here, the Court must make a finding that Defendant did not receive an enhancement under § 3B1.1 and was not engaged in a continuing criminal enterprise. Since Defendant received an enhancement under § 3B1.1, the Court cannot make this finding. Therefore, Defendant is not eligible for a sentence reduction.

6

## Conclusion

For the reasons set forth above, the Court finds that Defendant is not eligible for a reduction of his sentence under the applicable amendment to the United States Sentencing Guidelines.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a sentence reduction (ECF No. 298) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 3, 2024